IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CEDEAL T. HARPER,

          Plaintiff,

v.                                                        CIVIL ACTION NO.   2:12-cv-00656

CAPTAIN JAMES MCCLOUD,
WARDEN DAVID BALLARD, and
COMMISSIONER JIM RUBENSTEIN,
all in their individual and official capacities,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court are Defendants Warden David Ballard and Commissioner Jim Rubenstein's Motion to Dismiss [Docket 25] and Plaintiff's Motion for Default Judgment and/or Partial Default Judgment [Docket 28]. Pro se plaintiff, Cedeal T. Harper ("Plaintiff"), an inmate at Mount Olive Correctional Center in Mount Olive, West Virginia, commenced this civil rights action by alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. As relief, Plaintiff seeks monetary damages as well as declaratory and injunctive relief.

      By Standing Order entered September 2, 2010, and filed in this case on March 6, 2012, these matters were referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and a recommendation for disposition ("PF&R"). Magistrate Judge Stanley has submitted findings of fact and has recommended that the Court grant Defendants' motion to dismiss in part and deny it in part. Magistrate Judge Stanley recommends that the Court grant the motion to

the extent that Plaintiff seeks to recover monetary relief from Defendants in their official capacities, but deny it to the extent that Plaintiff has alleged a cognizable claim for violation of his Eighth Amendment rights. Magistrate Judge Stanley further reasons that a decision on Defendants' qualified immunity defense at this point would be premature. Finally, she recommends that the Court deny Plaintiff's motion for default judgment.

The Court is not required to review, *de novo* or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Objections to the PF&R were due on July 30, 2012. Neither party filed objections.

Noting there are no objections and having reviewed the PF&R, the Court **ADOPTS** Magistrate Judge Stanley's PF&R in its entirety [Docket 39]. Accordingly, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss [Docket 25], and **DENIES** Plaintiff's Motion for Default Judgment and/or Partial Default Judgment [Docket 28]. The Court leaves this matter assigned to Magistrate Judge Stanley for additional proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 15, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

the extent that Plaintiff seeks to recover monetary relief from Defendants in their official capacities, but deny it to the extent that Plaintiff has alleged a cognizable claim for violation of his Eighth Amendment rights. Magistrate Judge Stanley further reasons that a decision on Defendants' qualified immunity defense at this point would be premature. Finally, she recommends that the Court deny Plaintiff's motion for default judgment.

The Court is not required to review, *de novo* or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Objections to the PF&R were due on July 30, 2012. Neither party filed objections.

Noting there are no objections and having reviewed the PF&R, the Court **ADOPTS** Magistrate Judge Stanley's PF&R in its entirety [Docket 39]. Accordingly, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss [Docket 25], and **DENIES** Plaintiff's Motion for Default Judgment and/or Partial Default Judgment [Docket 28]. The Court leaves this matter assigned to Magistrate Judge Stanley for additional proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 15, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE